NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 210185-U

NO. 4-21-0185

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 28, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* J.P., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | McLean County |
| Petitioner-Appellee, | ) | No. 18JA63 |
| v. | ) | |
| Christi P., | ) | Honorable |
| Respondent-Appellant). | ) | J. Brian Goldrick, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Knecht and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The appellate court affirmed, finding the trial court's termination of respondent's
parental rights was not against the manifest weight of the evidence.

¶ 2   In September 2020, the State filed a motion for termination of parental rights as to

J.P. against respondent, Christi P., and J.P.'s father. The latter is not part of this appeal. The trial

court granted the State's petition for termination of respondent's parental rights in February

2021.

¶ 3   On appeal, respondent argues the trial court's best-interests decision was against

the manifest weight of the evidence. We disagree and affirm.

¶ 4                               I. BACKGROUND

¶ 5   In September 2020, the State filed a petition for termination of parental rights,

seeking a finding of unfitness and termination of parental rights of respondent. The State alleged

respondent (1) was either suffering from habitual drunkenness or addiction to drugs, other than

those prescribed by a physician, for at least one year immediately prior to the commencement of the unfitness proceeding; (2) failed to make reasonable efforts to correct the conditions which were the basis for the removal of the child from the parent; and (3) failed to make reasonable progress toward the return of the child within a specified nine-month time period after an adjudication of neglect under the Juvenile Court Act of 1987 (705 ILCS 405/1-1 *et seq.* (West 2018)). The State's petition asked that termination be found to be in the best interests of the minor and requested the Illinois Department of Children and Family Services (DCFS) retain custody and guardianship over the minor with the authority to consent to adoption.

¶ 6          At the fitness hearing in February 2021, respondent agreed to admit paragraph 10C of the petition, alleging she failed to make reasonable progress toward the return of J.P. within the specified time period pursuant to section 1(D)(m)(ii) of the Illinois Adoption Act (750 ILCS 50/1(D)(m)(ii) (West 2018)). The State dismissed the remaining counts. The trial court informed respondent of her rights, admonished her regarding the effects of admitting the allegations, and ascertained from respondent that she fully understood her rights and the proceedings and was entering her admission voluntarily. The trial court found respondent unfit and set the best-interests hearing for later that month.

¶ 7          At the hearing, the trial court first noted it received best-interests reports from DCFS and the court-appointed special advocate and reviewed them prior to the hearing. None of the parties objected to the court considering the reports before proceeding with the hearing. The State's lone witness, Mary Rich, was J.P.'s great-aunt and foster mother. J.P. has been in her care since April 2019 and is Rich's only foster child. She testified J.P. is very bonded to her and to her extended family and interacts with all of them. She expressed concern if J.P. was prevented from associating with any of them and expressed her opinion that termination of respondent's

parental rights was in the child's best interests. She believed termination was in J.P.'s best interests because of respondent mother's and father's substance abuse issues, lack of stable housing, and poor decision-making. Rich had signed permanency commitment forms and intended to adopt J.P. if permitted.

¶ 8 Respondent was called to the stand and read a letter into the record admitting she had made mistakes, but she asked for another opportunity to be a parent to J.P. She implored the trial court not to terminate her parental rights. Respondent testified and acknowledged she was not currently capable of providing a safe or stable environment for J.P., but that she understands her "triggers" and "stresses," has a support system in place, is currently receiving therapy, and is taking her prescription medication. She stated she thought it would take approximately one year for her to be in a position to adequately care for J.P. After noting it considered all of the statutory factors, including J.P.'s age and developmental needs, her physical safety, sense of attachment, permanence, and continuity of affection, the trial court found it was in J.P.'s best interests to terminate respondent's parental rights.

¶ 9 This appeal followed.

¶ 10 II. ANALYSIS

¶ 11 On appeal, respondent argues the trial court's decision terminating her parental rights was against the manifest weight of the evidence. We disagree and affirm.

¶ 12 Once a trial court finds a parent an "unfit person," it must next consider whether terminating that person's parental rights serves the child's best interests. "[A]t a best-interests hearing, the parent's interest in maintaining the parent-child relationship must yield to the child's interest in a stable, loving home life." *In re D.T.*, 212 Ill. 2d 347, 364, 818 N.E.2d 1214, 1227 (2004); see also *In re Julian K.*, 2012 IL App (1st) 112841, ¶ 80, 966 N.E.2d 1107 (stating once

- 3 -

the trial court finds the parent unfit, "all considerations, including the parent's rights, yield to the best interests of the child"). When considering whether termination of parental rights serves a child's best interests, the trial court must consider a number of statutory factors within "the context of the child's age and developmental needs." 705 ILCS 405/1-3(4.05) (West 2018). These factors include:

> "(1) the child's physical safety and welfare; (2) the development of the child's identity; (3) the child's familial, cultural[,] and religious background and ties; (4) the child's sense of attachments, including love, security, familiarity, continuity of affection, and the least disruptive placement alternative; (5) the child's wishes and long-term goals; (6) the child's community ties; (7) the child's need for permanence, including the need for stability and continuity of relationships with parent figures and siblings; (8) the uniqueness of every family and child; (9) the risks related to substitute care; and (10) the preferences of the person available to care for the child." *In re Daphnie E.*, 368 Ill. App. 3d 1052, 1072, 859 N.E.2d 123, 141 (2006).

See also 705 ILCS 405/1-3(4.05)(a) to (j) (West 2018).

¶ 13 A trial court's finding that termination of parental rights is in a child's best interests will not be reversed on appeal unless it is against the manifest weight of the evidence. *In re Dal. D.*, 2017 IL App (4th) 160893, ¶ 53, 74 N.E.3d 1185. The court's decision will be found to be "against the manifest weight of the evidence only if the opposite conclusion is clearly apparent or the decision is unreasonable, arbitrary, or not based on the evidence." *In re*

*Keyon R.*, 2017 IL App (2d) 160657, ¶ 16, 73 N.E.3d 616.

¶ 14      At the outset of the best-interests hearing, the trial court noted the change in focus mentioned above. Further, the court correctly pointed out how, at the outset of the case, the focus was on the parents and their participation and completion of services in an effort to facilitate reunification. It is evident from this record the court fully recognized and understood the nature of the proceedings before and after a finding of parental unfitness. The trial court took great pains to outline respondent's progression throughout the life of the case. The trial court considered all the statutory factors and indicated so for the record. The trial court noted that respondent made some progress, but that she still had work to do and there was no way to ascertain how long it might take her to fully address her own issues before she could adequately care for J.P. The trial court agreed with respondent's assessment that it might take another year. With that in mind, the court noted J.P. was 2 years and 8 months old at the time of the hearing, had been in foster care for over 30 of those 32 months, and was in need of permanency. Additionally, the current foster parent was able to provide J.P. with safety, food, shelter, and clothing. The court acknowledged respondent undoubtedly loved J.P. but also noted that J.P. was bonded to the foster parent and integrated into the household, where she is provided with love and affection. The court found continued placement with the foster mother to be the least disruptive, particularly due to respondent's substance abuse issues and her own admission she would need at least one year before being able to take care of J.P. The court found J.P.'s age, her need for permanence, the age of the case, and the fact that issues responsible for the minor being placed in care were still present and favored termination as being in J.P.'s best interests.

¶ 15      Based on this evidence, the trial court agreed it was in the minor's best interests to terminate respondent's parental rights. Accordingly, we cannot find the trial court's decision

terminating respondent's parental rights to be "unreasonable, arbitrary, or not based on the evidence." *Keyon R.*, 2017 IL App (2d) 160657, ¶ 16.

¶ 16                                            III. CONCLUSION

¶ 17            For the reasons stated, we affirm the trial court's judgment.

¶ 18            Affirmed.